## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.H. ROBINSON WORLDWIDE, INC., <br> 14701 Charlson Road <br> Eden Prairie, MN 55347 <br><br> Plaintiff, <br><br> v. <br><br> PRODUCE DEPOT USA, LLC. <br> c/o Reg. Agent LegalCorp Solutions, LLC <br> 11 Broadway, Suite 615 <br> New York, NY 10004 <br><br> and <br><br> GAETANO M. BALZANO <br> 6 Mohegan Trail <br> Saddle River, NJ 07458 <br><br> and <br><br> LUIS A. RUELAS <br> 62 Burtwood Court <br> Allendale, NJ 07401 <br><br> Defendants. | CIVIL CASE NO.: |

## **COMPLAINT**

Plaintiff C.H. Robinson Worldwide, Inc. ("Plaintiff" or "C.H. Robinson") brings this civil action against Produce Depot USA, LLC ("Produce Depot"), Gaetano M. Balzano and Luis A. Ruelas, individually and in their corporate capacities (all collectively, "Defendants"), for damages and equitable relief and alleges as follows:

### I. **JURISDICTION**

1. Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i). This Court

1

is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that Defendant Produce Depot is domiciled in this district.

## III. PARTIES

3. Plaintiff is a Delaware Corporation with its principal place of business in Eden Prairie, Minnesota and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables nationwide. At all times relevant herein, Plaintiff held federal produce license number 20001042 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

4. Defendant Produce Depot is a New York limited liability company with its principal place of business in Bronx, New York. Produce Depot was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in New York and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA"). At all times relevant herein, Produce Depot held federal produce license number 20200157 from the U.S. Department of Agriculture/PACA Branch and/or was subject to licensing.

5. Individual Defendants Gaetano M. Balzano and Luis A. Ruelas (collectively, "Individual Defendants") are or were owners, officers, directors, members and/or at least 10% shareholders of Produce Depot during the relevant time period, making them "responsibly connected" under PACA. The Individual Defendants are or were persons in control of, and responsible for, the day-to-day operations of Produce Depot and the disposition of Produce

Depot's assets, including its PACA trust assets. The Individual Defendants had full decision-making authority over the assets of Produce Depot and are charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.

## IV. CLAIMS FOR RELIEF

### COUNT I

### DEFENDANT PRODUCE DEPOT

**(Failure to Maintain PACA Trust)**

6. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully written herein.

7. At Produce Depot's request, Plaintiff sold on credit and through interstate commerce, wholesale quantities of perishable agricultural commodities to Defendants, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| C.H. Robinson Worldwide, Inc | 10-20-2020 to 11-13-2020 | Fresh Fruits and Vegetables | $113,404.40 | $113,404.40 |

8. Plaintiff duly delivered the perishable agricultural commodities to Produce Depot.

9. Produce Depot received and accepted the perishable agricultural commodities from Plaintiff.

10. Pursuant to the payment terms between the parties, Produce Depot is in default with respect to the principal amount of $113,404.40 outstanding to Plaintiff. *See,* Statement of Account and Unpaid Invoices attached hereto and incorporated herein as "Exhibit A."

---

[1] Plus, accruing interest at 1.50% per month and attorney fees and costs.

11. Pursuant to the trust provision of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full payment</u> is made for said commodities by Produce Depot to Plaintiff.

12. Produce Depot has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

13. On each of the outstanding invoices sent by Plaintiff to Produce Depot, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

14. Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

15. Upon information or belief, Produce Depot has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

16. The failure of Produce Depot to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

### (Dissipation of Trust Assets)

17.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

18.     Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries by PACA, were improperly expended by Produce Depot and the Individual Defendants for other purposes.

19.     On each of the outstanding invoices sent by Plaintiff to Produce Depot and the Individual Defendants, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

20.     Upon information and belief, Produce Depot and the Individual Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay the outstanding invoices of Plaintiff but were not.

21.     As a direct result of the dissipation of trust assets by Produce Depot and the Individual Defendants, Plaintiff has suffered damages.

## COUNT III

## DEFENDANT PRODUCE DEPOT

### (Failure to Account and Pay for Produce – 7 U.S.C. §499b) (Unfair Conduct))

22. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

23. Produce Depot has failed and refused, without reasonable cause, to account and make full payment promptly of $113,404.40 to Plaintiff, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted from Plaintiff.

24. The failure and refusal of Produce Depot to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and PACA regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

### (Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))

25. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

26. Upon information and belief, from October 20, 2020 to November 13, 2020, the Individual Defendants managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

27. Upon information and belief, Produce Depot and Individual Defendants received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices but were not.

28. Upon information and belief, Produce Depot and Individual Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C.

§499(b)(4), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

29. As a direct result of the foregoing, Produce Depot and Individual Defendants have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V
## DEFENDANT PRODUCE DEPOT

**(Breach of Contract for Unpaid Invoices / Action on Account)**

30. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

31. Between October 20, 2020 and November 13, 2020, Produce Depot contracted with Plaintiff to purchase fresh produce on credit. *See*, Exhibit A.

32. Plaintiff faithfully performed all aspects of the sales contract, with Produce Depot receiving and accepting all the produce.

33. Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Produce Depot is in default to Plaintiff on all amounts unpaid and outstanding.

34. Produce Depot breached the contract by failing and refusing to pay Plaintiff the principal sum of $113,404.40 despite due demand. As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorney fees.

## COUNT VI

## ALL DEFENDANTS

### (Interest and Attorney Fees)

35. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

36. Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Produce Depot and the Individual Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make <u>full payment</u> to Plaintiff of said amount.

37. As a result of the failure of Produce Depot and the Individual Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

38. As a result of the failure of Produce Depot and the Individual Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

39. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the loss of interest on the outstanding amount owed, all because of violations by Produce Depot and the Individual Defendants of their statutory duties to maintain the trust and make full payment promptly.

40. In addition to the above recitals, Plaintiff maintains express claims for interest and attorney fees based upon the terms of sale stated on each invoice, as between merchants, which were bargained terms of the sales contract. Interest and attorney fees are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499e(c)(2).

**WHEREFORE**, Plaintiff C.H. Robinson Worldwide, Inc. respectfully prays that this Court issue an Order:

a. granting non-dischargeable judgment in favor of Plaintiff and against Defendants, Produce Depot USA, LLC, Gaetano M. Balzano and Luis A. Ruelas, jointly and severally, in the principal amount of $113,404.40, together with pre- and post-judgment interest at the parties' contractual rate plus attorney fees and the costs of this action;

b. declaring and directing all Defendants to establish and/or preserve the PACA trust fund consisting of funds sufficient to pay Plaintiff's principal trust claim of $113,404.40 plus pre- and post-judgment interest at the parties' contractual rate plus attorney fees and costs of this action;

c. enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly or indirectly, interfering, assigning, or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

d. declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

e. granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: September 23, 2021.                    Respectfully submitted,


                                              *s/ Mark A. Amendola*
                                              MARK A. AMENDOLA
                                                OH Bar ID No.: 0042645
                                                Pro Hac Vice Pending
                                              MARTYN AND ASSOCIATES
                                              820 W. Superior Avenue, Tenth Floor
                                              Cleveland, Ohio 44113
                                              Telephone: (216) 861-4700
                                              Facsimile: (216) 861-4703
                                              Email: mamendola@martynlawfirm.com

                                              Attorney for Plaintiff C.H. Robinson
                                              Worldwide, Inc.